SUMMARY ORDER

Shao Yan Li, a native and citizen of the People’s Republic of China, seeks review of a December 14, 2007 order of the BIA, denying her motion to remand and affirming the January 9, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shao Yan Li, No. A95 687 305 (B.I.A. Dec. 14, 2007), aff'g No. A95 687 305 (Immig. Ct. N.Y. City Jan. 9, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
As a preliminary matter, we conclude that Li waives any challenge to the agency’s denial of her application for relief insofar as it was based on her claim that she wanted to have two or more children in the future in violation of China’s family planning policy.. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, the only challenges before us are: (1) Li’s claim that she established eligibility for asylum, withholding of removal, and CAT relief based on her illegal departure from China; and (2) Li’s argument that the BIA abused its discretion in denying her motion to remand.
I. Illegal Departure Claim
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Neither the IJ nor the BIA addressed Li’s claim that she was eligible for asylum and withholding of removal on the basis of her illegal departure from China. But even if this were error, remand on that basis would be futile. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 339 (2d Cir.2006). We have held that “punishment for violation of a generally applicable criminal law is not persecution.” Saleh v. U.S. Dep’t of Justice, 962 F.2d 234, 239 (2d Cir.1992). And “[t]orture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions.” 8 C.F.R. § 208.18(a)(3). The country-conditions evidence in this case demonstrates that Li may, at most, face fines for her illegal departure from China. The record thus does not compel the conclusion that Li was eligible for asylum or withholding of removal based on *803 her illegal departure claim. See Saleh, 962 F.2d at 239; Matter of Sibrun, 18 I. & N. Dec. at 359; 8 C.F.R. § 208.18(a)(3).
We also conclude that substantial evidence supports the agency's denial of Li’s application for CAT relief. We have held that without any particularized evidence, an applicant cannot demonstrate that she is more likely than not to be tortured “based solely on the fact that she is part of the large class of persons who have left China illegally” and on generalized evidence indicating that torture occurs in Chinese prisons. Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005).
In this case, Li provided no basis for the agency to conclude that she, or someone in her “particular alleged circumstances,” faces an elevated risk of persecution or torture. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). And Li failed to present any particularized evidence to support her assertion that the smugglers who had helped her illegally depart China would torture her and that Chinese officials would acquiesce in such torture. See Mu Xiang Lin, 432 F.3d at 160; Khouzam v. Ashcroft, 361 F.3d 161, 168 (2d Cir.2004). Therefore, the agency did not err in denying Li’s application for CAT relief. See Mu Xiang Lin, 432 F.3d at 160; Mu-Xing Wang, 320 F.3d at 143-44.
II. Motion to Remand
The BIA properly denied Li’s motion to remand. A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 156 (2d Cir.2005). We review the BIA’s denial of a motion to reopen for abuse of discretion. Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The movant’s failure to establish a prima facie case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen. INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Li first argues that the BIA abused its discretion in denying her motion to remand by failing to consider the impact her pregnancy out of wedlock would have on her eligibility for asylum. However, we have rejected the notion that the agency “must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.” Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted). In this case, we conclude that the BIA’s failure to explicitly address each piece of evidence in the record was not an abuse of discretion. See id. (finding adequate the BIA’s summary analysis and rejection of “oft-cited” evidence that it “is asked to consider time and again” regarding the family planning policy in China);
Li also argues that she submitted evidence in support of her motion to remand demonstrating that women who become pregnant out of wedlock, such as herself, violate the family planning policy and will be forcibly aborted, sterilized, or undergo a forcible IUD insertion. Although the evidence in the record does demonstrate that giving birth to a child out of wedlock violates China’s family planning policy, the evidence that Li cites as support for her claimed fear of forced abortion or sterilization predates the 2002 Population and Family Planning Law, which “prohibits the use of physical coercion to compel persons to submit to abortion or sterilization.” 2004 U.S. State Department Country Report on Human Rights Practices in China (“2004 Report”) at 14; see also Matter of M-F-W & L-G-, 24 I. & N. Dec. 633 (BIA 2008). We have concluded that the BIA did not abuse its discretion when it decided that the 2004 Report demonstrates that a movant will at *804 most face economic sanctions for violating the family planning policy. See Wei Guang Wang, 437 F.3d at 275; Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
As for Li’s argument that she demonstrated a realistic chance that she would be forced to have an IUD inserted, she does not cite any evidence that states that lUDs are inserted by force, and the 2004 Report in the record states that “the percentage of women who select their- own birth control method grew from 53 percent in 1998 to 83 percent in ... 2000.” 2004 Report at 13. In light of the fact that the BIA reasonably found that Li failed to demonstrate her prima facie eligibility for relief on account of her pregnancy out of wedlock, the BIA’s denial of her motion to remand was not an abuse of discretion. See Abudu, 485 U.S. at 104-05, 108 S.Ct. 904; Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED.